IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

WILLIS M. JONES,                    )
                                    )
    Petitioner,                     )
                                    )
        v.                         )     Criminal Action No. 03-425-A
                                    )     Civil Action No. 04-1506-A
UNITED STATES OF AMERICA,           )
                                    )
    Respondent.                     )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court will deny the motion.

## I.  Background

On September 24, 2003, Petitioner Willis M. Jones was charged by criminal information with one count of false representation of a social security account number, in violation of 42 U.S.C. § 408(a)(7)(B).  Also on September 24, 2003, Jones pleaded guilty to the single count contained in the criminal information.  On December 12, 2003, the Court sentenced Jones to a term of imprisonment of twenty-seven months.  Jones did not file an appeal.  On December 13, 2004, Jones filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States, (2) that the court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001)(quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.  *United States v. Frady*,

-2-

456 U.S. 152, 167-68, (1982); *United States v. Malloy*, 758 F.2d 979, 982 (4th Cir. 1985).

The petitioner bears the burden of showing not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension. *Malloy*, 758 F.2d at 982 (citing *Frady*, 456 U.S. at 164-65 (emphasis in original)). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996). A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (citing *Strickland*, 466 U.S. at 688). If a petitioner fails to meet either requirement,

-3-

his claim for ineffective assistance of counsel fails.
*Strickland*, 466 U.S. at 697.  Furthermore, if a petitioner fails
to make a sufficient showing on one prong of the test, the Court
is not obliged to address the other prong.  *Id.* at 700.

As to the first prong, "[j]udicial scrutiny of
counsel's performance must be highly deferential."  *Id.* at 689.
A fair assessment of attorney performance requires that every
effort be made to eliminate the distorting effects of hindsight,
to reconstruct the circumstances of counsel's challenged conduct,
and to evaluate the conduct from counsel's perspective at the
time.  Because of the difficulties inherent in making the
evaluation, a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable
professional assistance; that is, the defendant must overcome the
presumption that, under the circumstances, the challenged action
"might be considered sound trial strategy."  *Id.* (citations
omitted).

### III.  Analysis

Petitioner makes two arguments in support of his § 2255
motion.  He argues that: (1) he was denied the effective
assistance of counsel when his counsel failed to object to
sentencing enhancements during the penalty phase; and (2) the
Court applied Sentencing Guideline enhancements in violation of

due process and recent Supreme Court decisions.  The Court will
address each of these claims.

## A. Ineffective assistance of counsel

Petitioner alleges that he was denied the effective
assistance of counsel when his counsel failed to object to
sentencing enhancements during the penalty phase.  Three
sentencing enhancements were applied: (1) four points for a loss
of more than $20,000, U.S. Sentencing Guidelines Manual §
2F1.1(b)(1)(E)(2000); (2) two points for more than minimal
planning, *id.* § 2F1.1(b)(2)(A); and (3) two points for
unauthorized transfer or use of identification to produce or
obtain another form, *id.* § 2F1.1(b)(5)(c)(i).

A section 2255 motion must, *inter alia*: (1) specify all
the grounds for relief available to the moving party; [and] (2)
state the facts supporting each ground.  Section 2255 Proceedings
R. 2 (2005).  Jones seeks relief on grounds of ineffective
assistance of counsel, but does not state any facts in support.
Jones simply asserts that his counsel should have objected to the
sentencing enhancements.

There are no facts in the record showing that the three
sentencing enhancements were improperly applied.  The Statement
of Facts signed by Jones and adopted by the Court on September
24, 2003 when Jones pleaded guilty indicates that a loss of
$23,965.59 resulted; Jones was involved in more than minimal

-5-

planning; and the offense involved the unauthorized use of a
means of identification unlawfully to obtain other means of
identification.  Because there are no facts in the record on
which Jones' counsel could have relied in objecting to the
sentencing enhancements, the Court will deny the petition with
respect to the ineffective assistance of counsel grounds.  *See,
e.g., Wilson v. United States*, 962 F.2d 996, 998 (11th Cir.
1992)(dismissing petition because petitioner only made a bald
assertion that his counsel was ineffective and did not show his
counsel's performance to be inadequate nor any resulting
prejudice); *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir.
1991)(affirming dismissal of petition of defendant who argued
that his counsel was ineffective for failing to object to
sentencing enhancement but did not suggest any factual basis upon
which counsel could have relied in making such a challenge;
"Conclusory allegations of ineffective assistance are
insufficient."); *United States v. Collins*, 68 F.3d 461, 1995 WL
606786, *1 (4th Cir. Oct. 16 1995)("Because [petitioner] failed
to show he was prejudiced by counsel's actions, and only asserted
conclusory allegations, the district court properly denied relief
on [petitioner's] claims of ineffective assistance of counsel.").

        The Court finds that the performance of Jones' counsel
did not fall below an objective standard of reasonableness in
light of the prevailing professional norms.  Moreover, Petitioner

cannot show that but for the alleged failure to object, the result of the proceedings would have been different.  Thus, Petitioner's ineffective assistance of counsel argument fails and Jones has not shown cause for his procedural default on this argument.  The Court will deny the petition on the ineffective assistance grounds.

### B. Fifth Amendment due process and Supreme Court decisions

Petitioner alleges that the Court applied Sentencing Guideline enhancements in violation of due process and recent Supreme Court decisions.  In making this argument, Jones seeks relief, but does not state any facts in support.  Jones simply asserts that the enhancements were improperly applied.  Since Jones does not explain the basis for his due process claim, the Court can only speculate that it is based on the Supreme Court's recent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004).  Since Petitioner filed this motion, the Supreme Court has rendered a decision in *United States v. Booker*, 125 S.Ct. 738 (2005), addressing the issues raised by *Blakely* and *Apprendi* with respect to the Federal Sentencing Guidelines.[1]

---

[1] In *Booker*, the Supreme Court reaffirmed its "holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756 (2005).

-7-

However, the rules announced in these cases do not apply retroactively on collateral review. *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001)(the rule announced in *Apprendi* does not apply retroactively on collateral review); *Booker*, 125 S.Ct. at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review"); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *United States v. Johnson*, 353 F. Supp. 2d 656, 657-58 (E.D. Va. 2005)(Smith, J.). Thus, Jones' argument that recent Supreme Court decisions provide him any relief lacks merit. As for his argument that his sentencing violated the due process of law under the Fifth Amendment, the Court cannot and will not guess what facts support this argument. The Court will deny the Petition on the Fifth Amendment due process and recent Supreme Court decisions grounds.

### IV.  Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate Order will issue.

June 16, 2005                        _____/s/_____
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE